UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMIE L. DOWTON, and MARIE E. DOWTON, husband and wife; KIM SCHWENKE, and CHRIS SCHWENKE, husband and wife; A.S., C.S., N.S., I.S., and T.S., the minor children of Schwenkes,<br><br>Plaintiffs,<br><br>v.<br><br>JOEL E. TINGEY, District Court Judge in the, IDAHO STATE SEVENTH JUDICIAL DISTRICT COURT (FREMONT COUNTY); and JOHN DOES I to XX,<br><br>Defendant. | Case No. 4:15-CV-00526-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Defendant's Motion to Dismiss (Dkt. 12). The motion was filed on December 21, 2015 and Plaintiffs were granted an extension of time to file to file a response. Dkt. 18. As of February 12, 2016, no response was filed by Plaintiffs.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional

process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Factual Background**

Plaintiffs allege they are the third generation of their family to live on the real property at issue and to engage in ranching and farming activities on said property. Plaintiffs allege that their son and daughter-in-law, Jimmie D. Dowton and Denise R. Dowton ("Junior Dowtons") have (without the knowledge and consent of Plaintiffs) taken out certain loans from the Bank of Idaho ("Bank") which were secured by the real and personal property used in the ranching and farming activities (collectively referred to as the "Property"). Additionally, the related limited liability companies related to the ranching and farming activities are alleged to also be debtors to the Bank. Defendant District Judge Joel E. Tingey ("Judge Tingey") is the presiding judge in the State court proceedings, *Bank of Idaho v. Jim Dowton Ranch, LLC, et al.*, Case No. CV-2011-584 (State Case).

Plaintiffs allege Judge Tingey has issued orders that allow for auction of the Property and for the eviction of the Senior Dowtons from the Property. Plaintiffs allege Judge Tingey has previously determined the value of the Property is approximately $1.2 million but the reserves for the auction of the Property by court appointed auctioneer, Knipe Land Company, Inc. are set at $297,000. Plaintiffs allege the reserves are less than 25% of the fair market value of the Property and the court-ordered auction will result in a

"fire sale" of the assets. Moreover, Plaintiffs do not want to leave the Property they have resided on for years.

The Court takes Judicial Notice from the online Idaho Repository for the State Case that Plaintiffs are listed as defendants in the State Case and as recently as October 2015, they filed objection to the auction proposal and motion to reconsider a real estate sale of the Property.

In this federal case, the Plaintiffs seek to have this Court enjoin Judge Tingey's orders alleging a violation of their civil rights pursuant to 42 U.S.C. § 1981 et. seq. Plaintiffs allege their due process rights under the Fifth and Fourteenth Amendments of the United States Constitution have been violated by Judge Tingey's orders. Judge Tingey moves to dismiss the Amended Complaint with prejudice for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

**Standard of Review**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding whether to grant a motion to dismiss, the court "accept [s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. 556-57).

Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica* Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. 675 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the

. . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) in one of two ways. *See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. Id. On the other hand, the defendant may instead launch a "factual" attack, "attacking the existence of subject matter jurisdiction in fact." Id. A "factual" attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733.

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction [pursuant to a "factual attack"] ... where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). "When a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief, a motion to dismiss for lack of

subject matter jurisdiction, rather than for failure to state a claim, is proper only when the allegations of the complaint are frivolous." *Id.* In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

**Impact of Failure to Respond to Motion**

The Local Rules of Civil Practice before the United States District Court for the District of Idaho provide in relevant part:

> The responding party must serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely.

D. Id. L. Civ. R. 7.1(c)(1)(emphasis added).

Failure to file a response may be deemed to constitute consent to the granting of the pending motion. D. Id. L. Civ. R. 7.1(e). A motion to dismiss can be granted for failure to comply with local rules. *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). The Ninth Circuit has set forth the factors to be weighed in dismissing a case:

> Before dismissing the action, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Id.* at 53 citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).[1]

---

[1]The Court acknowledges a motion for summary judgment may not be dismissed for (continued...)

**Analysis**

The Court has previously denied a Motion for Temporary Restraining Order (Dkt. 6), a Renewed Motion for Temporary Restraining Order (Dkt. 11) and an Emergency Motion for Stay (Dkt. 15). Therefore, the Court is very familiar with the factual allegations in this case. Having reviewed the Defendant's Motion to Dismiss as well as the complete record in this matter, the Court finds the Motion to Dismiss should be granted.

As to the Fed. R. Civ. P. 12(b)(1) lack of standing argument, the Court agrees Plaintiffs have failed to come forward showing they have a property interest in the subject property sufficient to allow them to have standing in federal court. The lack of standing is a fatal flaw which then prevents this Court from having subject matter jurisdiction over the case.

Alternatively, as discussed in further detail in the Court's previous orders on the motions for temporary restraining orders, this Court agrees with Defendant that Plaintiffs have failed to state a plausible claim for relief as Judge Tingey has judicial immunity from suit for damages, the Anti-Injunction Act and 42 U.S.C. § 1983 foreclose this Court from imposing injunctive relief on Judge Tingey, and there is no plausible basis for granting declaratory relief. The Court also agrees the abstention doctrine of *Younger v.*

---

[1](...continued)
failure to comply with local rules. *See Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir.1995); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir.1993).

*Harris*, 401 U.S. 37 (1971) may be applicable to the facts of this particular case. For all these reasons the Court finds Judge Tingey is entitled to have his motion to dismiss granted on the merits of such motion. The Court adopts as its own analysis the memorandum of Defendant regarding these arguments.

Additionally, the Court finds this case is appropriate for summary dismissal based on Plaintiffs' failure to respond. First, the public's interest in expeditious resolution of litigation is applicable to this case since there is an ongoing state court matter. Second, this Court needs to manage its docket based on limited judicial resources and failing to respond to extended court deadlines signifies Plaintiffs are no longer interested in pursuing this matter. Third, there is a risk of prejudice to Judge Tingey if this matter is allowed to proceed. Fourth, the public policy favoring disposition of cases on their merits is satisfied in this case where the Court has ruled on two previous motions for temporary restraining orders which were denied and agrees with Judge Tingey's analysis in his motion regarding the merits. Fifth, there are not less drastic sanctions available to be applied to Plaintiffs' failure to comply with Court deadlines in this case. Plaintiffs have also failed to respond to Judge Tingey's proposed litigation plan further demonstrating the appearance of no longer desiring to prosecute their claims. *See* Dkt. 19. For all these reasons, the Court finds the Motion to Dismiss should be granted.

## Order

**IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. 12) is **GRANTED** and this matter is **DISMISSED IN ITS ENTIRETY**.

DATED: **February 16, 2016**

Honorable Edward J. Lodge
U. S. District Judge